| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC**<br>Abbas Kazerounian, Esq. (249203)<br>ak@kazlg.com<br>Matthew M. Loker, Esq. (279939)<br>ml@kazlg.com<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, CA 92626<br>Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523<br><br>**HYDE & SWIGART**<br>Joshua B. Swigart, Esq. (225557)<br>josh@westcoastlitigation.com<br>Yana A. Hart, Esq. (SBN: 306499)<br>yana@westcoastlitigation.com<br>2221 Camino Del Rio South, Ste. 101<br>San Diego, CA 92108<br>Telephone: (619) 233-7770<br>Facsimile: (619) 297-1022 | **LAW OFFICE OF DANIEL G. SHAY**<br>Daniel G. Shay, Esq.<br>danielshay@tcpafdcpa.com<br>409 Camino Del Rio South, Suite 101B<br>San Diego, CA 92108<br>Telephone: (619) 222-7249<br>Facsimile: (866) 431-3292 |

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE HUDSON, AND, CHARISSA LEWIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC.,<br><br>Defendant. | Case No.: '18CV2793 BEN BLM<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, *ET SEQ.*****<br><br>**JURY TRIAL DEMANDED** |

Case #                                                 *Hudson, et al. v. LexisNexis Risk Solutions Inc.*
**CLASS ACTION COMPLAINT**

# INTRODUCTION

1. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

2. Plaintiffs JANE HUDSON; and, CHARISSA LEWIS ("Plaintiffs"), through Plaintiffs' attorneys, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies resulting from the illegal actions of Defendant LEXISNEXIS RISK SOLUTIONS INC. ("Defendant") with regard to Defendant's reporting of inaccurate information regarding Plaintiffs.

3. Defendant is a "consumer reporting agency" under the FCRA that provides consumers with their credit reports.

4. The FCRA governs content of these credit reports is determined by the secretion of consumer reporting agencies such as Defendant.

5. Defendant continuously misrepresents the source of public record information Defendant publishes on credit reports, specifically the source of information regarding consumer's bankruptcies in violation of 15 U.S.C. § 168lg(a)(2).

| Case No.: | 1 of 10 | *Hudson, et al. v. LexisNexis* |

**COMPLAINT**

6. This practice deceives consumers and limits consumers' access to the true Public Record Information, therefore preventing consumers from directly addressing the source of Public Record Information at the correct location in order to ameliorate any errors if they should occur.

7. Defendant has negligently and willfully failed to employ reasonable procedures—including procedures readily available to them of which they are aware—to ensure maximum possible accuracy of their credit reports.

8. Plaintiffs make these allegations on information and belief, with the exception of allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs alleges on personal knowledge.

9. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

10. Unless otherwise stated, all the conduct engaged in by Defendant occurred in California.

11. Any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

12. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

13. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.

14. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").

15. Because Defendant is a corporation incorporated in the State of Georgia and conducting business in California, personal jurisdiction is established.

///

16. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) because Defendant, at all times herein mentioned, was doing business in the County of San Diego, State of California. Further, venue is proper in this district because Plaintiffs have resided in this district at all times herein mentioned such that a substantial part of the events giving rise to the claim occurred in this district.

## PARTIES

17. Plaintiffs are each a natural person who reside in the County of San Diego, in the State of California.

18. In addition, Plaintiffs are each a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19. Defendant is a corporation incorporated under the laws of the State of Delaware and authorized to do business in the State of California.

20. Defendant is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of furnishing to third parties reports of consumers' credit histories, commonly referred to as "credit reports," and defined as "consumer reports" under 15 U.S.C. § 1681a (hereinafter, "Credit Reports").

21. Defendant uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is each a "consumer reporting agency" within the meaning of FCRA, 15 U.S.C. § 1681a(f).

22. The FCRA and the facts alleged in this Complaint relate to inaccurate and materially misleading credit information that was allowed to be reported by Defendant regarding specific transactions and/or experiences pertaining to Plaintiffs and Plaintiffs' credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing

Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

### FACTUAL ALLEGATIONS

23. At all times relevant to this matter, Plaintiffs were both individuals residing within the State of California.

24. Furthermore, Defendant conducted business within the State of California at all times relevant.

25. Defendant is a FCRA-governed "consumer reporting agency" or "CRA" that publishes incorrect information to consumers that request the FCRA-governed information in Defendant's possession.

26. Plaintiffs obtained a credit report from Defendant.

27. In reviewing this credit report, Plaintiffs determined that Defendant was reporting information regarding a previous bankruptcy under in a portion called "Bankruptcy Section."

28. Thereafter, Defendant included a discussion under the heading "How to Read your Banko Consumer Disclosure Report."

29. Defendant explained that the "Bankruptcy Information" section "contains identifying information on the bankruptcy case that was obtained directly from the Court and the name, address & phone number of the Court from which the information was obtained."

30. Pursuant to 15 U.S.C. § 1681g(a), Defendant must identify the immediate supplier of the information reported in order to accurately identify the source of the information on a credit report.

31. On information and belief; however, the Bankruptcy Information was not supplied to Defendant by the Southern District of California's Bankruptcy Court.

32. Furthermore, Plaintiffs contend that Defendant did not obtain this information from any other Court.
33. It is imperative that consumers know the true source of the Public Record Information and location of the entity that possesses the reported information in their credit reports.
34. Consumers must have the ability to directly dispute inaccurate information with Defendant and to determine who Defendant's immediate supplier of the reported information was without being misled and sent on a "wild goose chase" regarding this information.
35. Defendant violated 15 U.S.C. § 1681g by not identifying the actual source of the information contained within Plaintiff's credit report.
36. In addition, Defendant also violated 15 U.S.C. § 1681e(b) by reporting objectively inaccurate information.
37. Defendant's violation of 15 U.S.C. § 1681e(b) occurred as a result of Defendant's failure to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.
38. Through this conduct, Plaintiffs suffered an information injury.
39. Moreover, Plaintiffs also suffered frustration and emotional distress as a result of being denied basic information regarding the contents of Plaintiffs' respective credit reports.

## CLASS ACTION ALLEGATIONS

40. Plaintiffs brings this action on behalf of themselves and on behalf of all others similarly situated (the "Class").
41. Plaintiffs represent, and is a member of the Class, consisting of:

Case No.: 5 of 10 *Hudson, et al. v. LexisNexis*
**COMPLAINT**

> All persons with an address within the United States whose consumer credit report obtained from Defendant identifies a Bankruptcy Court as the source of information.

42. Defendant and its employees or agents are excluded from the Class. Plaintiffs does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

43. Plaintiffs reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

44. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it reported a monthly payment obligation for accounts that have a zero balance and are closed and/or paid in full under 15 U.S.C. § 1681 *et seq.*, Plaintiffs and the Class members were damaged thereby.

45. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

47. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    i. Whether Defendant misrepresented the true source and location of the information published in the Bankruptcy Section of its credit reports;

    ii. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violations;

    iii. Whether Plaintiffs and the Class members suffered actual damages as a result of Defendant's conduct;

    iv. Whether Plaintiffs and the Class members are entitled to statutory damages as a result of Defendant's conduct;

    v. Whether Plaintiffs and the Class members are entitled to injunctive relief;

    vi. Whether Plaintiffs and the Class members are entitled to an award of reasonable attorneys' fees and costs;

    vii. Whether Plaintiffs will fairly and adequately protect the interest of the Class; and,

    viii. Whether Plaintiffs' counsel will fairly and adequately protect the interest of the Class.

48. As a person who has suffered an inaccurate reporting by Defendant on his credit report, Plaintiffs is asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interest of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

49. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

50. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

51. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

52. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

### CAUSE OF ACTION
### FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ.

53. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

55. As a credit reporting agency, Experian is required to comply with 15 U.S.C. § 1681g(a)(2) of the FCRA.

56. Experian violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose to Plaintiffs and the Class the source and true location of the court that supplied any information to the credit-reporting agency about Plaintiffs and the Class.

57. Plaintiffs are informed and believes that Defendant violated 15 U.S.C. §§ 1681e(a)&(b) of the FCRA by maintaining the very inaccurate information Plaintiffs disputed.

58. As a result of each and every violation of the FCRA, Plaintiffs and the Class are entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

59. As a result of each and every willful violation of the FCRA, Plaintiffs and the Class are also entitled to and seek actual damages of $100.00 to $1,000.00 per violation and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the Class members pray for judgment as follows against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiffs to serve as the Class Representative in this matter;
- Appoint Plaintiffs' Counsel as Class Counsel in this matter;
- Provide such further relief as may be just and proper.

In addition, Plaintiffs and the Class members pray for further judgment as follows against Defendant:

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

- Statutory damages of $1,000.00 per violation per plaintiff, per month of reporting, pursuant to 15 U.S.C. § 1681n(a)(1);
- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Injunctive relief to command Defendant to correct the information furnished on Plaintiffs' and the Class's credit reports and prohibit them from engaging in future violations;
- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
- Any other relief the Court may deem just and proper including interest.

### TRIAL BY JURY

60. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: December 11, 2018

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFFS

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JANE HUDSON, AND, CHARISSA LEWIS, Individually and On Behalf of All Others Similarly Situated,

**DEFENDANTS**
LEXISNEXIS RISK SOLUTIONS INC.,

**(b)** County of Residence of First Listed Plaintiff: SAN DIEGO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: 
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kazerouni Law Group, APC; Matthew M. Loker, Esq. (279939)
245 Fischer Avenue, Unit D1, Costa Mesa, CA
(800) 400-6808

Attorneys *(If Known)*
'18CV2793 BEN BLM

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Violation of 15 U.S.C. § 1681 on a class action basis
Brief description of cause:
Inaccurate credit reporting

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.   **DEMAND $**   CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   DOCKET NUMBER

DATE: 12/11/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Matthew M. Loker

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Print   Save As...   Reset

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.